UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAURA BEST,

                          Plaintiff,

-against-                               23-CV-2555 (LGS)

PARKCHESTER PRESERVATION             ORDER OF SERVICE
MANAGEMENT, LLC; PPC PROPERTY
SERVICE; OLSHAN PROPERTIES,

                          Defendants.

LORNA G. SCHOFIELD, United States District Judge:

      Plaintiff brings this *pro se* action under 42 U.S.C. § 1981 and the Age Discrimination in Employment Act of 1967. The Court construes the complaint as also asserting claims under Title VII of the Civil Rights Act, the Americans With Disabilities Act, and the New York State and City Human Rights Laws. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) (holding that where a *pro se* plaintiff's factual allegations supported claims under "well-known" provisions of state law, district courts must construe the complaint as asserting claims under those laws, "regardless of [plaintiff's] failure to check the appropriate blank on a form complaint"). By an order dated March 27, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

      Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to mail an information package to Plaintiff.

The Clerk of Court is also instructed to complete the USM-285 forms with the addresses for Parkchester Preservation Management, LLC; PPC Property Service; and Olshan Properties; and deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

SO ORDERED.

Dated:  March 30, 2023
        New York, New York

*[signature]*
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

**DEFENDANTS AND SERVICE ADDRESSES**

1. Parkchester Preservation Management, LLC
   2000 East Tremont Avenue
   Bronx, New York 10462

2. PPC Property Service, LLC
   5500 New Albany Rd.
   New Albany, Ohio 43054-8703

3. Olshan Properties
   5500 New Albany Rd.
   New Albany, Ohio 43054-8703